## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 02 2019, 9:19 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antwain Coburn,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 2, 2019<br><br>Court of Appeals Case No.<br>19A-CR-435<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jennifer P. Harrison, Judge<br><br>Trial Court Cause No.<br>49G20-1306-FB-38641 |

**Baker, Judge.**

On January 15, 2014, Antwain Coburn pleaded guilty to Class B felony dealing in cocaine and two counts of Class D felony resisting law enforcement. Pursuant to the plea agreement, the trial court sentenced Coburn as follows: ten years for dealing in cocaine with two years suspended to Community Corrections; and three years each, executed, on the two Class D felony convictions, to be served concurrently with each other and with the dealing in cocaine conviction.

On May 19, 2018, having fully served his sentences for the Class D felony convictions and the executed portion of the dealing in cocaine conviction, Coburn was released for two years of Community Corrections. Over the course of September, October, and December 2018, Community Corrections filed notices that Coburn had violated the terms of Community Corrections on four occasions.

On January 24, 2019, the trial court held a hearing on the notices of violation and found that Coburn had, indeed, violated the terms of Community Corrections. As a result, the trial court revoked the Community Corrections placement and ordered Coburn to serve the remaining two years of the dealing in cocaine conviction in the Department of Correction. The abstract of judgment also ordered that two-year sentences for the Class D felony convictions be served concurrently with the two-year dealing sentence. Coburn appeals the portion of the trial court's order imposing the Class D felony sentences a second time.

[4]     The State concedes that the trial court's order was erroneous, given that Coburn had already served the sentences for his Class D felony convictions. We agree, as those sentences were fully served with no time suspended. It is axiomatic that once a sentence has been completely served, a trial court may not reinstate that sentence and order it to be served a second time.

[5]     The judgment of the trial court is remanded with instructions to amend the abstract of judgment to remove the references to the Class D felony sentences.

Kirsch, J., and Crone, J., concur.